**No. 39428.**—Protests 928762–G/87274, etc., of G. W. Sheldon & Co. (Chicago).

Opinion by KEEFE, J. From the evidence submitted the court was unable to determine that at the time of the importation any of the drums were in such condition that they were not suitable for reuse as containers. It was held that if imported iron drums, after being emptied of their contents, are sold to second-hand dealers whose business it is to recondition them for resale, they are clearly dutiable under paragraph 328. The protests were therefore overruled.

**No. 39429.**—Protests 832274–G, etc., of Bernuth, Lembcke Co., Inc. (Galveston)

Opinion by KEEFE, J. The report of the appraiser established that the drums are of American manufacture. The collector refused to waive the production of certificates of exportation. On the authority of *Zanes v. United States* (T. D. 49585) it was held that the drums are dutiable at 24 cents each in lieu of drawback in accordance with the provisions of article 400, Customs Regulations of 1931.

**No. 39430.**—Protests 789530–G/10476, etc., of Seaboard Refining Co. (New Orleans).

Opinion by KEEFE, J. It was established that the drums are secondhand, composed of light weight materials, and were badly dented and in poor condition when received at the company's plant. After emptying they were sold as junk to secondhand dealers. It was not established that the drums could not be used to compete commercially with drums of American manufacture. The protests were therefore overruled.

**No. 39431.**—Protest 922921–G of W. R. Zanes & Co. (Galveston).

Opinion by KEEFE, J. It appeared that the certificates of exportation of the drums from the United States were not filed. It was established that the drums in question are of American manufacture. On the authority of *Zanes v. United States* (T. D. 49585) they were held dutiable at 24 cents each as claimed.